NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3041
_____

DEBORAH REARICK,
                                        Appellant
v.

THE PENNSYLVANIA STATE UNIVERSITY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 1:08-cv-01195)
District Judge:  Honorable Yvette Kane, Chief Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 9, 2011
Before:   JORDAN, GREENAWAY, JR. and WEIS, Circuit Judges.

(Opinion filed March 4, 2011)
_____

OPINION
_____

WEIS, Circuit Judge.

        Plaintiff appeals two orders in this case.  The first denied her request for an

extension of the discovery period; the second granted summary judgment in favor of

defendant.  Finding no error, we will affirm.

Because we write solely for the parties, we recite herein only the essential facts. Plaintiff, who has worked for The Pennsylvania State University since 1981, brought suit against her employer, claiming that she was denied a promotion in 2006 in retaliation for reporting sexual harassment to the University's affirmative action office in 2001. She also asserted that defendant breached a contract by using her past performance assessments in evaluating her candidacy for that promotion.

After filing her complaint in 2008, plaintiff retained current counsel. This attorney requested, and was granted, three extensions or stays of the discovery deadline, which totaled approximately seven months. The parties had almost eleven months after counsel entered his appearance to conduct and complete discovery. However, several weeks after the final discovery deadline had expired, plaintiff's counsel filed a "Motion for Enlargement of Time to Complete Discovery" and a motion to compel discovery. The District Court denied those motions on May 5, 2010. On June 17, 2010, summary judgment was entered in favor of defendant.

Plaintiff states that medical issues prevented her attorney from completing discovery in accordance with the (thrice-revised) scheduling order. We are not persuaded that the "denial of discovery 'made it impossible [for plaintiff] to obtain crucial evidence,'" nor has plaintiff satisfied her burden of showing that "'more diligent discovery was impossible'" under the circumstances. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1032 (3d Cir. 1997) (quoting In re Fine Paper

2

Antitrust Litig., 685 F.2d 810, 818 (3d Cir. 1982)). We therefore find no abuse of discretion. See id. at 1032-33.

Nor do we find error in the District Court's grant of summary judgment on the plaintiff's retaliation claims. After careful review of the record, we find nothing more than the plaintiff's own speculation supporting her allegation that retaliatory animus was a factor in the denial of her application for promotion. See Watson v. Se. Pa. Transp. Auth., 207 F.3d 207, 215 (3d Cir. 2000) (discussing showing required for retaliation claim). Mere allegations are not sufficient to establish a genuine issue of material fact for purposes of summary judgment. See Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 333 (3d Cir. 2005) ("Speculation does not create a genuine issue of fact" (quoting Hedberg v. Ind. Bell Tel. Co., Inc., 47 F.3d 928, 932 (7th Cir. 1995))).

With respect to the plaintiff's breach of contract claim, we have reviewed the Agreement and General Release and find it to be "a contract complete within itself . . . . represent[ing] the parties' entire agreement." Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 436 (Pa. 2004) (internal quotations omitted). The contract's silence on the matter of the plaintiff's past performance evaluation scores does not amount to ambiguity. See Seven Springs Farm, Inc. v. Croker, 748 A.2d 740, 744 (Pa. Super. 2000) (en banc) ("[W]hen a contract fails to provide for a specific contingency, it is silent, not ambiguous" and court should neither consider extrinsic evidence nor "read into the contract a term . . . which clearly it does not contain").

3

The District Court's grant of summary judgment on this claim was, therefore, proper.

Accordingly, the District Court's orders will be affirmed.